UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: ) | CHAPTER 11 |
| ) | |
| Robert B Hodde ) | CASE NO: 13-00694dd |
| Hester G Hodde ) | |
| 61 Baynard Park Road ) | ORDER DISCHARGING DEBTOR(S) |
| Hilton Head Island SC 29928 ) | |
| ) | |
| Debtor(s). ) | |

Based upon Debtor's notice of completion of plan payments and request for discharge, it appears that Debtor has completed the payments required by the chapter 11 plan confirmed on **November 19, 2013** and therefore,

**IT IS ORDERED** that, except as provided by 11 U.S.C. § 1142(d)(2) and (3), the Debtor is discharged pursuant to 11 U.S.C. § 1142(d)(5)(A).

**FILED BY THE COURT**
**02/07/2014**



Entered: 02/10/2014

/s/ David R. Duncan
David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

## EXPLANATION OF BANKRUPTCY DISCHARGE
## OF AN INDIVIDUAL IN A CHAPTER 11 CASE

This court order grants a discharge to the person named as the debtor. The discharge is issued after the debtor has completed all payments under the chapter 11 plan or the court has determined, after notice and a hearing, that the debtor is entitled to a discharge pursuant to section 1141(d)(5)(B) of the Bankruptcy Code without completing the chapter 11 plan payments. The discharge is not a dismissal of the case.

**Collection of Discharged Debts Prohibited**
The discharge prohibits any attempt to collect a discharged debt from the debtor. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property,* there are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor. If a creditor has a lien, such as mortgage or security interest, and the lien was not eliminated by the plan or by court order, the creditor may have the right to enforce the lien if the debtor fails to satisfy the lien claim as required by the plan. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts that are Discharged and Debts that are Not Discharged**
Except as otherwise specified in the chapter 11 plan, in the order confirming that plan, or in section 1141(d) of the Bankruptcy Code, the discharge eliminates the debtor's legal obligation to pay a debt which arose before confirmation of the plan. Most, but not all, types of debts are discharged, but section 1141(d)(2) of the Code provides that certain types of debts are not discharged in an individual debtor's chapter 11 bankruptcy case. Some of the common types of debts which are not discharged are:

a. Debts for most taxes and debts incurred to pay nondischargeable taxes;
b. Debts that are domestic support obligations;
c. Debts for most student loans;
d. Debts for most fines, penalties, forfeitures, and criminal restitution obligations;
e. Debts for personal injuries of death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;
f. Some debts which were not properly listed on the bankruptcy schedules by the debtor;
g. Debts that the bankruptcy court has specifically decided in this case are not discharged; and
h. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only general summary. There are exceptions to the general rules. Because the law is complicated, you may want to consult an attorney concerning the effect of the discharge.**